■ MARGARET MONTALTO, Respondent, v. CHURCH OF OUR LADY OF GRACE, Appellant.

APPEAL, by permission of the Appellate Term of the Supreme Court in the First Judicial Department, from a determination of said court, entered June 22, 1961 which affirmed a judgment of the City Court of the City of New York, New York County, in favor of plaintiff.

MEMORANDUM BY THE COURT. Determination of the Appellate Term affirming a judgment in plaintiff's favor in the City Court of the City of New York, New York County, affirmed, with costs to respondent. The complaint in this action alleged that defendant negligently allowed a rug "to become worn, defective and unsafe" and plaintiff "was caused to fall and sustain serious injuries". Similar statements as to the condition of the rug were repeated in the bill of particulars. Upon the nonjury trial, a sharp issue of fact was presented as to whether plaintiff was caused to fall by catching her foot in a torn or broken hole in the rug or by slipping thereon. The one witness called by defendant denied there was any tear "two inches long" in the rug but volunteered that "the strings were beginning to go very slightly". It is not clear whether the witness was referring to the warp or woof of the rug or the fringe thereon. In any event defense counsel had the rug in court and did not offer it in evidence. The proof presented a fair question of fact and we conclude that the finding of the trial court upon this issue was not contrary to the evidence or the law.

McNALLY, J. (dissenting). I dissent and vote to reverse.

Plaintiff testified there was a rug inside of the front door of the rectory entrance; that as she entered her foot was caught by the rug and she fell; and that there was a two-inch tear in the rug.

The rectory cook testified that plaintiff immediately after the accident told her that as she entered the door of the rectory the rug slipped from under her and there was no tear in the rug.

The pictures of the rug involved show no tear. The bill of particulars does not allege a torn rug. No factual findings concerning negligence were made by the Trial Justice.

The testimony of another rectory employee was stipulated without conceding its truth to the effect that plaintiff "put her right foot forward and then she moved her left foot, and in so doing the rug placed on the floor, around the area, began to slide from under her".

The accident happened October 31, 1957. On April 3, 1958 plaintiff signed a statement in which there was no mention of a torn rug. The statement is in accord with the testimony given by the cook and the concession as to the testimony of the other employee to the effect that plaintiff put her right foot onto the rug and that the rug slipped causing plaintiff to lose her balance.

Plaintiff failed to prove actionable negligence.

Valente, J. P., Stevens and Bastow, JJ., concur in Memorandum; McNally, J., dissents in opinion in which Steuer, J., concurs.

Determination of the Appellate Term affirming a judgment in plaintiff's favor in the City Court of the City of New York, New York County, affirmed, with costs to respondent.